The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 72365
Dear Senator Everett:
This is in response to your request for an opinion regarding potential violations of state "price-fixing" laws. You state that two insurance companies in your area require all auto and body glass shops in the area to do work at a 55% discount from the price that is set by an "industry-standard" manual. If the body shops are not willing to do the work at this price, then the insurance companies require the work to be done by other persons who will do the work for that price. You state that those persons are generally people who do not own shops, but who do auto glass work from a truck on a "roving" basis. You state that the quality of this work is often inferior and the customer is then unable to find the person who worked out of his truck to correct problems. You have asked whether this practice on the part of these insurance companies violates any "price-fixing" laws.
Arkansas Code Annotated §§ 23-66-201—312 (1987 Cum. Supp. 1991) prohibit insurers doing business in the State of Arkansas from engaging in unfair claims settlement practices, and provide that, if any insurer performs any of the acts or practices proscribed by those sections with such frequency as to indicate a general business practice, then those acts shall constitute an unfair or deceptive act or practice in the business of insurance. Unfair claims settlement practices is defined at § 23-66-206 (Cum. Supp. 1991) to include the following:
 (9)(F) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear[.]
Additionally, the Arkansas Insurance Department has promulgated,inter alia, Regulation 43, wherein at § 10(e) it is stated that:
 When the insurer elects to repair and, with the insured's written consent, a specific repair shop is selected, the insurer shall cause the damaged automobile to be restored to its condition prior to the loss at the estimate cost with no additional cost to the claimant other than as stated in the policy and within a reasonable period of time.
While the situation you describe could involve the participation by insurers in activities prohibited by §§ 23-66-201—312 and the Insurance Department Regulations, a conclusive determination with regard to any particular insurer would require a factual inquiry with a view to all of the surrounding circumstances. The Insurance Commissioner may be of assistance as well with regard to specific questions you may have in this regard.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh